UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN O. SPENCER,

    Plaintiff,

        v.                                            Case No. 19-C-1405

SUSAN PETERS,

    Defendant.

## SCREENING ORDER

Plaintiff, who is currently serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2). On October 1, 2019, the court waived the initial partial filing fee and directed Plaintiff to advise the court whether he wished to voluntarily dismiss the case within 21 days. Plaintiff has not moved to dismiss the case. As a result, Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted and the court will screen the complaint.

**SCREENING OF THE COMPLAINT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

**ALLEGATIONS OF THE COMPLAINT**

Plaintiff claims that on June 20, 2019, Defendant Susan L. Peters, who is employed as part of Green Bay Correctional Institution's medical staff, recklessly gave Plaintiff acetaminophen, an over the counter pain medication, that caused him to become very sick. On July 11, 2019, Plaintiff was treated for "poisonous effects" caused by the interaction of the acetaminophen with the other medications Plaintiff was taking, including duloxetine, ocuvite, fenofibrate, and pysillum tabs.

2

Plaintiff alleges that Defendant knew he was taking these other medications when she gave him acetaminophen and ignored standard policies and procedures and safe clinical practices with her conduct.

**THE COURT'S ANALYSIS**

Plaintiff claims that Defendant violated his Eighth Amendment rights by committing medical malpractice and for following unsafe clinical practices. To state a claim under the Eighth Amendment, Plaintiff must provide allegations of an (1) objectively serious medical condition and (2) an official's deliberate, i.e. subjective, indifference to that condition. *See Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). The medical condition must be objectively and subjectively serious. *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). "A medical need is considered sufficiently serious if the inmate's condition 'has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Id*. (citing *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). To satisfy the subjective element, a plaintiff must show that the defendant acted culpably, a standard that is higher than negligence or inadvertence. *See Farmer v. Brennan*, 511 U.S. 825, 836–41 (1994). "Even objective recklessness—failing to act in the face of an unjustifiably high risk that is so obvious that it should be known—is insufficient to make out a claim." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016), as amended (Aug. 25, 2016) (citing *Farmer*, 511 U.S. at 836–38). This amounts to a standard of criminal recklessness. *Davis v. Kayira*, 938 F.3d 910, 915 (7th Cir. 2019) (citing *McGee v. Adams*, 721 F.3d 474, 481 (7th Cir. 2013)). If a plaintiff alleges recklessness based on facts "that a healthcare provider knew enough to infer a substantial risk of harm, he must prove (1) that the provider was aware of facts supporting the inference and (2) that the provider *actually drew* the inference." *Id.* (emphasis in original) (citing *Farmer*, 511 U.S. at 837).

Further, simple medical malpractice does not amount to deliberate indifference under the Eighth Amendment. *Kelley v. McGinnis*, 899 F.2d 612, 616 (7th Cir. 1990) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, (1976)). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

Plaintiff has not plausibly alleged facts to support a claim that Defendant committed a constitutional violation under the deliberate indifference doctrine. Plaintiff alleges that Defendant's actions were "reckless [sic] irresponsible" and that her "negligence" caused his sickness. Dkt. No. 1 at 5. If negligent, Plaintiff has no cause of action under the deliberate indifference doctrine. If reckless, Plaintiff must show more than Defendant's awareness that Plaintiff was on other medication when she prescribed him acetaminophen. Establishing recklessness to prove deliberate indifference requires showing that Defendant was actually aware of the substantial risk of harm at the time she gave acetaminophen to Plaintiff and intentionally chose to give him the medication anyway to cause Plaintiff harm. Instead, Plaintiff describes the conduct as demonstrating "bad judgment" and "unsafe clinical practices." *Id*. at 3. However, medical malpractice alone does not violate the Eighth Amendment. In sum, Plaintiff's allegations do not support the inference that a constitutional violation occurred or that Defendant was criminally reckless under the deliberate indifference theory. *See Chaparro v. Easton*, No. 94-1460, 1995 WL 94860, at *1 (7th Cir. Mar. 7, 1995) (affirming summary dismissal, stating "[t]here is no indication in Chaparro's complaint that Dr. Easton knew (or even suspected) that the injection of Kenolog would cause the harmful side effects of which Chaparro now complains").

Plaintiff's complaint will therefore be dismissed. If Plaintiff wishes to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. An

4

amended complaint must be filed on or before 30 days from the date of this order. Failure to file an amended complaint within this time period will result in dismissal of this action.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the court will screen it in accordance with 28 U.S.C. § 1915A. As Plaintiff's complaint will be dismissed for the reasons described in this screening order, his motion to appoint counsel will also be denied at least for now.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of counsel (Dkt. No. 2) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint within 30 days of the date of this order. Failure to do so will result in dismissal of the action.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's

income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is located.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If Plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of

Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this  21st   day of November, 2019.

s/ William C. Griesbach<br>William C. Griesbach, District Judge<br>United States District Court